IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KENNETH B. EATON, #L4298                                              PLAINTIFF

VERSUS                                        CIVIL ACTION NO. 5:08cv2-DCB-MTP

J. BANKS, SUE BURKHALTER
AND KENTRELL LIDDELL                                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motions for summary judgment filed by Plaintiff [45], Defendant Kentrell Liddell [38] and Defendants J. Banks and Sue Burkhalter [41]. Having reviewed the submissions of the parties, the entire record in this case and the applicable law, for the reasons set forth below the court finds that Plaintiff's Motion for Summary Judgment [45] should be denied, that Defendant Liddell's Motion for Summary Judgment [38] should be granted, that Defendants Banks and Burkhalter's Motion for Summary Judgment [41] should be granted, and that Plaintiff's claims against Defendants should be dismissed with prejudice.[1]

### Factual Background

The instant prisoner civil rights lawsuit, filed *pro se* on January 9, 2008, arises out of medical treatment Plaintiff received while he was incarcerated at the Wilkinson County Correctional Facility in Woodville, Mississippi ("WCCF").[2] Plaintiff's allegations, as clarified and amended by Plaintiff in his sworn testimony at an omnibus hearing held on September 16,

---

[1] The parties having consented to disposition by the Magistrate Judge and the District Judge having entered an Order of Reference [35], the court is authorized to enter final judgment and make dispositive rulings pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 73 and Local Rule 73.1.

[2] Plaintiff is no longer incarcerated and resides in Hattiesburg, Mississippi.

1

2008, pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985),[3] are as follows:

Plaintiff alleges that he was denied special soap and lotion for his skin rash and skin irritation for several months in 2007, despite a prescribed order from Dr. Herrington (not a defendant in this action) for such soap and lotion. Plaintiff claims that he discussed the problem with Defendant Burkhalter, a nurse at WCCF, and that she failed to carry out Dr. Herrington's orders and failed to investigate Plaintiff's complaint. Plaintiff claims that Defendants J. Banks,[4] Superintendent at WCCF, and Dr. Kentrell Liddell, the former Medical Director for the Mississippi Department of Corrections, are liable for their negligent administration, since they knew about the problem though the Administrative Remedy Program ("ARP") and denied him relief.[5] As a result of the foregoing, Plaintiff asserts claims against Defendants for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Plaintiff seeks to be compensated for the discomfort he claims to have suffered as a result of having dry, itchy skin and rashes on his face and back.

Defendants separately moved for summary judgment on November 17, 2008. Plaintiff moved for summary judgment on January 21, 2009.

---

[3] *See Hurns v. Parker*, 1998 WL 870696, at * 1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

[4] Defendant J. Banks was later identified as Warden Jacquelyn Banks.

[5] Plaintiff apparently experienced some type of allergic reaction to the prison-issued soap, and was prescribed Cetaphil soap and lotion by Dr. Herrington at WCCF. That prescription was renewed in March 2007; however, Plaintiff claims that he did never received the lotion and that he did not receive the soap any additional soap until July 2007. Dr. Herrington's prescription was not renewed after this point because it was determined that there was no longer any medical need for it.

Summary Judgment Standard

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988). "A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Id.*

This court may grant summary judgment only if, viewing the facts in a light most favorable to the plaintiff, the defendant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the defendant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. State of Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 712 (quoting *U.S. Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975)).

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir.

1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

Analysis

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. Appx. 963, 964 (5th Cir. Mar. 19, 2004), *cert. denied*, 543 U.S. 864 (2004), (*citing Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). The Fifth Circuit has noted that deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (*quoting Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may not be held liable under this standard pursuant to Section 1983 unless the Plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Id.* at 838.

To successfully make out a showing of deliberate indifference, plaintiff must "submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated

him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Davidson*, 91 Fed. Appx. at 965 (*quoting Domino*, 239 F.3d at 756). "Unsuccessful medical treatment, ordinary acts of negligence, or medical malpractice do not constitute a cause of action under § 1983." *Id.* (*citing Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999)). The plaintiff is not entitled to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, 2006 WL 2827551, at *7 (S.D. Miss. Sept. 25, 2006). Additionally, a prisoner's mere "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001).

Finally, in order "[t]o state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (*citing Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). It is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (citations omitted) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability.").

<u>Defendant Banks</u>

As noted *supra*, there is no *respondeat superior* liability in a section 1983 lawsuit. Thus, in order for Defendant Banks, the Warden at WCCF, to be liable for the alleged denial of adequate medical care, Plaintiff must establish her personal involvement. However, Defendant Banks is not a medical provider; rather, she holds a supervisory position. Based on a review of

5

Plaintiff's medical records and other documents in the record, it is clear that Defendant Banks was not personally involved in Plaintiff's medical treatment. Accordingly, she cannot be liable for the alleged denial of medical treatment. *See*, *e.g.*, *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) (holding that because the warden and medical treatment director "lacked medical expertise, they cannot be liable for the medical staff's diagnostic decision not to refer [plaintiff] to a doctor to treat his shoulder injury"); *Cuoco v. Moritsugu*, 222 F.3d 99, 111 (2d Cir. 2000) (holding that the failure of the non-doctor defendants– Warden and Health Services Administrator– to intervene in the medical treatment of an inmate was not objectively unreasonable, even if it were wrongful).

Indeed, the only reason for Defendant Banks' presence in this lawsuit is that she denied Plaintiff relief through the Administrative Remedy Program.[6] This is not a sufficient basis for imposing liability under Section 1983. *See Johnson v. Johnson*, 385 F.3d 503, 526 (5th Cir. 2004) (holding that prison supervisory officials "reasonab[ly] discharge[d]...their duty to protect the inmates in their care" where they "responded to [plaintiff's] complaints by referring the matter for further investigation or taking similar administrative steps."); *Poullard v. Blanco*,

---

[6] Defendant Banks provided the Second Step Response to Plaintiff's ARP:

> In response to your ARP claim, in reference to getting an order filled from medical, I have investigated your claim. Information I have gathered reveals that your order has expired. Your order was for only (3) months, in which you did received [sic] your cetaphil. If you need to see the Doctor, you need to fill out another sick call request form. I consider this matter resolved at this level.

*See* ecf. doc. no. 1-2 at 3.

2006 WL 1675218, at * 5 (W.D. La. June 9, 2006) (dismissing claim of failure to provide adequate medical care against supervisory officials who "acted consistent with their roles in the prison administration by addressing plaintiff's grievance or referring him to an avenue by which he might obtain relief"); *Mosley v. Thornton*, 2005 WL 1645781, at * 5 (E.D. La. June 20, 2005) ("Plaintiff merely alleges that the Warden was responsible for Thornton and the medical department and that he responded to plaintiff's appeal...However, the fact that the Sheriff responded to plaintiff's appeal is insufficient to support a constitutional claim against the Sheriff."); *Jones v. Livingston*, 2005 WL 3618316, at * 3 (S.D. Tex. Jan. 6, 2005) (holding that failure to provide adequate medical care claim asserted against supervisory prison official should be dismissed because "the fact that he did not respond to, or denied, plaintiff's grievances does not, alone, state a claim..."); *Anderson v. Pratt*, 2002 WL 1159980, at * 3 (N.D. Tex. May 29, 2002) (Warden's review and denial of grievance did not show personal involvement in deprivation of constitutional rights); *Alexander v. Fed'l Bureau of Prisons*, 227 F.Supp. 2d 657, 665-66 (E.D. Ky. 2002) (Warden's signing an administrative remedy response prepared by staff did not establish constitutional violation); *Lamkey v. Roth*, 1997 WL 89125, at * 5 (N.D. Ill. Feb. 26, 1997) (Warden's signing of grievance report "concurring in the grievance officer's finding" insufficient to establish personal involvement).

Moreover, the court notes that Plaintiff's medical records clearly reflect that Plaintiff was treated on numerous occasions by doctors and nurses at WCCF for his skin irritations, as well as for a variety of other ailments. *See* Exhs. B & C to [41] Motion for Summary Judgment. Plaintiff cannot establish that any of the Defendants were deliberately indifferent to his serious

medical needs.[7] At most, Plaintiff's allegations amount to a disagreement with the type of medical care provided to him. This simply does not rise to the level of a constitutional violation. *See Norton*, 122 F.3d at 292; *see also McMahon*, 583 F.2d at 174 (holding that prisoners are not entitled to the "best" medical treatment available).

Accordingly, Defendant Banks is entitled to summary judgment.

Defendant Liddell

Defendant Liddell, as the former MDOC Medical Director, did not provide any medical treatment to Plaintiff. Rather, she reviewed Plaintiff's ARP as part of her administrative duties and provided the Third Step Response. In that response, Defendant Liddell concluded, after reviewing Plaintiff's medical records, that the three month order for Cetaphil had expired and that Plaintiff's treating physician - Dr. Herrington - did not feel that Plaintiff still needed soap and lotion. Accordingly, Defendant Liddell advised Plaintiff to submit a sick call request to his treating physician for further consultation. *See* ecf. doc. no. 1-2 at 4.

As discussed *supra* with respect to Defendant Banks, Defendant Liddell was not personally involved in Plaintiff's medical treatment, and her denial of Plaintiff's ARP is not alone sufficient to establish a constitutional violation. Moreover, Plaintiff testified at the omnibus hearing that Defendant Liddell was *negligent*, and that was essentially the only basis for his complaint. *See also* Plaintiff's Response to Court Order [7] at 3 (stating that Defendant Liddell was negligent for failing to conduct an investigation of Plaintiff's complaint). "A complaint that a physician has been negligent in diagnosing or treating a medical condition does

---

[7] The court notes its skepticism that an allergic skin reaction is a "serious" medical need.

8

not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993) ("negligent medical treatment is not a cognizable basis upon which to predicate a section 1983 action.") (citations omitted). Accordingly, Defendant Liddell is entitled to summary judgment on Plaintiff's claims.

Defendant Burkhalter

As detailed in Plaintiff's medical records, Plaintiff was seen and treated repeatedly by medical personnel at WCCF - including Defendant Burkhalter - for numerous ailments, including his skin problems. Plaintiff was even prescribed special soap to help treat his rash. Plaintiff's medical records also show that he was prescribed various ointments to help alleviate his dry skin and rashes. *See* Plaintiff's medical records (Exhs. B to Motion for Summary Judgment); *see also* Affidavit of Sue Burkhalter (Exh. C to Motion for Summary Judgment) (stating that Plaintiff "received medical care and treatment for complaints related to rashes and spots on his body," as well as Cetaphil soap). Plaintiff does not dispute that he received medical treatment for his skin problems, nor that he did receive Cetaphil soap. Plaintiff does aver that he never received any Cetaphil lotion, and that there was a period of time when he had been prescribed Cetaphil soap but did not receive it. Plaintiff clearly disagrees with the decision not to continue to provide him with Cetaphil soap. However, Plaintiff has not established that Defendant Burkhalter (or any of the Defendants) was deliberately indifferent to his serious medical needs.[8] At most, Plaintiff's

---

[8] In fact, Dr. Herrington later determined that Plaintiff no longer needed the soap or other products Plaintiff claims Nurse Burkhalter denied him.

allegations amount to either negligence[9] or a disagreement with the type of medical care provided to him - neither of which rises to the level of a constitutional violation. *See Norton*, 122 F.3d at 292; *Mendoza,* 989 F.2d at 193. Accordingly, Defendant Burkhalter is entitled to summary judgment.

IT IS , THEREFORE, ORDERED AND ADJUDGED that Defendant Liddell's Motion for Summary Judgment [38] is granted, that Defendants Banks and Burkhalter's Motion for Summary Judgment [41] is granted, and Plaintiff's claims against Defendants should be dismissed with prejudice. A separate judgment will be entered in accordance with Fed. R. Civ. P. 58.

IT IS FURTHER ORDERED AND ADJUDGED that all other pending motions, if any, are dismissed as moot.

SO ORDERED AND ADJUDGED on this the 22nd day of April, 2009.

s/ Michael T. Parker
United States Magistrate Judge

---

[9] In his Response to Court Order [7], Plaintiff states that Defendant Burkhalter's actions constituted "medical malpractice."